## WALTER BOWDEN v. T. A. GILLISPIE COMPANY.

Argued October 11, 1907—Decided December 12, 1907.

A summons tested July 28th, 1906, and returnable August 10th, 1906, was served on the defendant on August 2d, 1906. On September 10th, 1907, the writ not having been returned, a rule, upon an *ex parte* application, was entered directing that the writ be returned, and that the plaintiff have leave to file a declaration, to which the defendant was required to plead or demur within twenty days. *Held*, that this rule should be vacated as improvidently allowed.

On motion to vacate rule.

Original process was issued in this cause, tested the 28th day of July, 1906, and returnable on the 10th day of August, 1906. The writ was served upon the defendant on the 2d day of August, 1906. It had not been returned by the sheriff on the 10th day of September, 1907, at which time more than three terms had intervened. No declaration was served with the writ or filed during this interval.

A new process was issued out of this court in the same cause, naming the same plaintiff and defendant, in an action in tort, demanding the same amount of damages, to wit, $20,000; tested the 27th day of August, 1907, and returnable on the 12th day of September, no year, and was served upon the defendant on the 5th day of September, 1907.

On the 10th day of September, 1907, more than a year after the *teste* and service of the first summons, on the application of the attorneys for the plaintiff, and without notice to the defendant, an order was made by a justice of this court, which, after reciting that the summons was tested and served in this cause (as above set forth), and that "said summons was not returned to the office of the clerk of the Supreme Court on or before said August 10th, 1906 (the return day), but was still in possession of said sheriff," directed that "said sheriff forthwith return said writ to said clerk's office," and further ordered that the plaintiff have leave to file his

declaration within ten days after the return of the writ to the clerk's office, and that the defendant plead or demur thereto within twenty days after service upon it of a copy of said rule and declaration.

A copy of this rule was served upon the defendant, who thereupon gave notice of a motion to vacate the said rule, which is the matter now before the court.

Before Justices GARRISON and SWAYZE.

For the motion, *Harry V. Osborne.*

*Contra, George T. Werts.*

The opinion of the court was delivered by

GARRISON, J.   The rule directing the sheriff to return the writ of summons and requiring the defendant to plead or demur to the writ so returned must be set aside, more than a term of court having intervened between the *teste* thereof and the making of such rule, although the writ had been duly served before the return day named therein.

At common law process for appearance must be returned at the same or the next term. *Parsons* v. *Lloyd,* 3 *Wils.* (*Eng. Com. Pleas*) 341; *Shirly* v. *Wright,* 2 *Ld. Raym.* 775; *Bunn* v. *King,* 2 *Johns.* (*N. Y.*) 190; *Van Ness* v. *Harrison,* 2 *Penn.* \*632; 19 *Encycl. Pl. & Pr.* 600; *Am. & Eng. Encycl. L., tit. "Service of Process."*

This practice has not been changed by statute in this state. The remedy given by our statute is the amercement of the derelict officer. *Practice Act,* 1903, *p.* 548, § 50.

There is a practice peculiar, I believe, to this state by which sheriffs change the return day in order to make a valid service of the writ. *Kloepping* ads. *Stellmacher,* 7 *Vroom* 176; *Mc-Cracken* v. *Richardson,* 17 *Id.* 50; *County* v. *Borax Company,* 39 *Id.* 273.

This practice, which Mr. Justice Depue said in 1873 was then of long standing, has no bearing upon the present case. It applies to cases in which service was not made before the

return day named in the writ, and has no application, either in reason or in practice, to cases where service was had before the return day.  A defendant who has been thus regularly served has common-law rights with respect to the orderly progress of the action by the return of the writ.  If such orderly course be not pursued, the action may be treated by him as abandoned.

In the present case a second summons was actually issued and served during the interval between the service of the first summons and the allowance of the rule under review.  This circumstance, however, is not of essential significance since the defendant, after the lapse of an entire term, was entitled to have the first process treated as a nullity.  The rule under review is set aside, with costs.