WILLIAM ZEEK v. THE ROCKAWAY ROLLING MILL.

Argued June 1, 1909—Decided November 22, 1909.

1. When the summons in a suit has been duly served upon the defendant and is returned at the same or the next term, the plaintiff may proceed with his action if it has not been abandoned.
2. A defendant who has been duly served with a summons may be ruled by the court to plead to the plaintiff's declaration filed out of time, when the application is made at the same or the next term after the summons was returnable, and where the plaintiff has not been *non prossed* and has not abandoned his action.

On application for a rule on the defendant to plead.

Before Justices SWAYZE, TRENCHARD and MINTURN.

For the plaintiff, *James H. Bolitho (Charlton A. Reed* on the brief).

For the defendant, *Kinsley Twining.*

The opinion of the court was delivered by

TRENCHARD, J.    This is an application for a rule on the defendant to plead to the plaintiff's declaration filed out of time.

The summons in the cause issued out of the Supreme Court and was tested January 25th, 1909, and was returnable February 6th, 1909.    It was served by the sheriff of the county of Morris on the defendant, January 30th, 1909.    The summons was then sent, with the endorsement of service thereon, to the office of the clerk of this court.    It was not filed, but was returned to the attorney who issued it for the reason that the attorney had no deposit with the clerk to cover the filing fee. The attorney held the summons until April 30th, 1909, when the present attorney of the plaintiff, who had been substituted as attorney of record, filed the summons with the clerk and paid the fees.    At the same time he filed the declaration and now asks for a rule on the defendant to plead thereto.

The first objection of the defendant is that the return of the summons has not been completed within the time required by law.

We think there is no merit in the contention.

At common law, when the process for appearance was returned at the same or the next term, the plaintiff might proceed with his action.    *Van Ness* v. *Harrison,* 2 *Penn.* 632.

As was pointed out by Mr. Justice Garrison, in *Bowden* v. *Gillispie Company,* 46 *Vroom* 296, this rule has not been changed by statute in this state.

The summons in question was returned within the time limited by the rule stated.

The next objection is that the plaintiff has abandoned his action.

With respect to this contention it is sufficient to say that, from an examination of the testimony taken on the rule to show cause, it appears not to be well founded in fact.

The last contention is that, under the special circumstances of this case, the defendant should not be required to plead to the declaration.

We see no merit in the point.

Section 93 of the Practice act (*Pamph. L.* 1903, *p.* 564) provides that the plaintiff shall file his declaration within thirty days after the return day of the summons, or, on failure thereof, shall become *non prossed,* unless the court, under special circumstances, shall grant further time; and in such case the plaintiff shall declare within the time so granted or become *non prossed.* Section 99 provides that if a party files his pleading after the expiration of the time limited or granted, the adverse party shall not be required to plead or reply thereto until ruled so to do, and that no subsequent pleading shall be required in a shorter time than twenty days from the time of the service of a rule to plead or reply thereto. Section 100 provides that if a party would take advantage of the failure of the adverse party to file any pleading within the time limited or granted, he shall do so before or at the term next after such failure.

In the present case the plaintiff has not been *non prossed.* Moreover his application for the rule requiring the defendant to plead is made within the next term after the summons was returnable, and is therefore seasonably made. This case differs from *Bowden* v. *Gillispie Company, supra.* There more than a term had intervened.

The plaintiff will be granted a rule requiring the defendant to plead or reply to the plaintiff's declaration within twenty days from the time of service of the rule.