BREX & BIELER, INC., v. ABRAHAM SACHS.

Decided May 7, 1942.

Before Justice PARKER, at chambers.

For the motion, *Harry Sommers*.

PARKER, J. As a general rule, applications of this character are granted as of course. But the present one is unusual. It was made by mail, and the covering letter states that the suit was begun in 1933. Now, after over eight years of repose, defendant having failed to answer, and plaintiff having on its part failed to "take advantage thereof before or at the term after such failure," and apparently having failed to take out any rule to plead as contemplated by the statute, over a period in which the six year statute of limitations would have run, makes this application at this late day.

I consider that it comes too late. True, the statute itself fixes no time limit for taking out such a rule, but surely such an application should be made within a reasonable time, and a case should not remain hanging in the air indefinitely.

In *Bowden* v. *Gillespie Co.*, 75 *N. J. L.* 296; 68 *Atl. Rep.* 238, under the old practice of serving summons without declaration or complaint annexed, the summons was not returned for over a year, and the Supreme Court vacated a rule permitting filing and service of the declaration more than a term after the return of the summons. In *Zeek* v. *Rockaway Rolling Mills*, 79 *N. J. L.* 123; 74 *Atl. Rep.* 442, the declaration

was filed about three months after the return of the summons, and the court allowed 'a rule to plead, on the ground that defendant had not moved for judgment of non-pros, and more than a term had not intervened.

In *Wolf* v. *Stillman Co.,* 79 *N. J. L.* 284; 75 *Atl. Rep.* 446, the plaintiff failed to file a declaration for nearly two years after return of summons. The court said that under the common law rule, unless defendant took a judgment of non-pros, the declaration could be filed within a year, but not thereafter, and denied an application for leave to file it after almost two years.

These cases are not precisely on the present point, as here the complaint was annexed to the summons and of course filed in due season; but there is an obvious analogy. In the cited cases it was the duty of plaintiff to move by filing a declaration. In the case at bar it was the duty of the plaintiff to move by entering a default judgment to which it was entitled, at the term when the default occurred or the next term, and by the express language of the statute, plaintiff waived its rights to a judgment unless it obtained a rule to plead. If plaintiff in the former cases was required to file a declaration within the year, by the same token it is the duty of a plaintiff who has omitted to take a default judgment in due season, to obtain and serve a rule to plead with reasonable promptitude. I need not undertake to lay down one year as a fixed period; it is quite enough for present purposes to hold that a delay of over eight years is altogether unreasonable and must be considered as an abandonment of the action. I am informed by one of the other justices that in a similar case he had allowed a rule to plead after the lapse of four years, but on motion by defendant, vacated it because of the delay.

The application is denied.